**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARVIN FULLER,
<u>Plaintiff-Appellant,</u>

v.

JODI BARRETT, Officer; GERALD
CARR, Officer; CITY OF NORFOLK,
<u>Defendants-Appellees,</u>

and

MELVIN HIGH, Police Officer;
STEVEN HALLENBECK; OFFICER
GURECKI; JOHN DOE, Police
Supervisor; JOHN DOE, Police
Officers involved in arrest in their
individual and official capacities as
officials of Norfolk Police
Department for the City of Norfolk,
<u>Defendants.</u>

No. 99-6359

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-98-130-2)

Submitted: September 28, 1999

Decided: November 4, 1999

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marvin Fuller, Appellant Pro Se. Gary Alvin Bryant, WILLCOX & SAVAGE, Norfolk, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marvin Fuller appeals from a district court judgment entered pursuant to a jury verdict finding in favor of the Defendant police officers in his action brought under 42 U.S.C.A. § 1983 (West Supp. 1999), alleging unlawful arrest, malicious prosecution, and excessive force. We may reverse a jury verdict only if there is a complete absence of probative facts to support the conclusions reached by the jury. See Sherill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir. 1983). There was ample evidence presented at trial from which the jury could conclude that probable cause supported the Defendants' decision to arrest and prosecute Fuller for being drunk in public, not the least of which was the testimony of several police officers that Fuller displayed many characteristics of an intoxicated person. Several officers testified that Fuller smelled of alcohol, that his speech was slurred, his eyes were bloodshot and watery, and his balance was unsteady. The presence of such evidence precludes Fuller from prevailing on his false arrest and malicious prosecution claims. See Porterfield v. Lott, 156 F.3d 563, 568-70 (4th Cir. 1998). While Fuller disputes the credibility of much of this evidence, credibility determinations lie within the sole province of the jury. See United States v. Lamar, 75 F.3d 964, 973 (4th Cir. 1996).

There was also evidence from which the jury could reject Fuller's excessive force claim. Only Fuller testified that any force was used to effectuate his arrest. While Fuller alleged that he was cuffed too

2

tightly and that he was left alone in a car that was uncomfortably warm for two hours, several persons present at the relevant times testified that they did not recall Fuller ever complaining of any discomfort the night of his arrest. Moreover, the Defendants submitted medical expert testimony that Fuller suffered no serious injury.

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3